IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS FINLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No.: **3:11-cv-01069-DRH-PMF** |
| | ) |
| JAMES CROSS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Petitioner Thomas Finley's petition for a writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241 and certain addendums (Docs. 12, 17) thereto. Respondent has filed a response (Doc. 20) to the writ, and the petitioner has filed a reply (Docs. 24, 27-28) to that response. For the following reasons, it is recommended that Respondent's (Doc. 19) motion to substitute be granted and that this case be transferred to the U.S. District Court for the Eastern District of Arkansas.

Respondent James Cross has filed a motion to substitute party (Doc. 19). At the time of filing his (Doc. 1) petition for a writ of habeas corpus, Finley was confined at Greenville, Illinois ("FCI-Greenville"), a federal prison in this District in which the named Respondent, James Cross, is Warden. Sometime after the petition was filed, Finley was transferred to Forrest City ("Forrest City-FCI"), a federal prison in Arkansas in which the proposed replacement, Anthony Hayes, is Warden. Under the "immediate custodian rule," habeas proceedings should occur "against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient

1

reason is shown to the contrary.' " *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711, 2717-18, 159 L. Ed. 2d 513 (2004) ((Kennedy, J., concurring) (quoting *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) and citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales, supra*, at 574, 5 S.Ct. 1050); *Braden, supra*, at 495, 93 S.Ct. 1123 (" '[T]his writ ... is directed to ... [the] jailer,' " quoting *In re Jackson*, 15 Mich. 417, 439-440 (1867))). *See also Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) (citing *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004). Accordingly, the Finley's "immediate custodian" would be the Forrest City Warden, Anthony Hayes, and the (Doc. 19) motion to substitute party should be granted.

Finley has the petition pursuant to 28 U.S.C. § 2241 ("§ 2241"). Because the petition arises under the laws of the United States, subject-matter jurisdiction is present. *See* 28 U.S.C. § 1331; *see also Moore*, 368 F.3d at 759. However, the mere presence of subject matter jurisdiction does not make it appropriate for this Court to proceed to consideration of the merits of the petition. In the (Doc. 19) motion to substitute, Respondent initially preserved defenses for both personal jurisdiction and venue. In the subsequently filed response to the petition, Respondent, relying on *Moore*, agreed to waive venue only. *See* Doc. 20 at 2. "Location of district court in which federal prisoner brings petition for habeas corpus is matter of venue, subject to waiver and forfeiture, rather than subject-matter jurisdiction." *Moore*, 368 F.3d at 759. Although venue has been waived, personal jurisdiction has not.[1]

---

[1] It is important to understand the distinction at issue here. Venue "relates only to the particular place where a controversy, legally instituted, may be determined-the place where judicial authority may be exercised. It relates to the convenience of litigants and as such is

2

Even if personal jurisdiction could be considered waived by Respondent's failure to raise the argument in his response and even if personal jurisdiction could be achieved by long-arm statute, the immediate respondent rule would appear to take precedence and warrant transfer to the U.S. District Court where Finley is confined and Warden Anthony Hayes is present.

In another § 2241 case decided in 2009, *Mitchell v. Bledsoe*, Case No. 06-624-DRH, 2009 WL 3156689 (S.D. Ill. Sept. 28, 2009), the petitioner was transferred from a federal prison in this District to a federal prison in Talladega, Alabama, after his § 2241 petition was initially filed in this District. In that case, Mitchell's § 2241 petition was ultimately transferred on the recommendation of the Magistrate Judge from this District to the U.S. District Court for the Northern District of Alabama where Mitchell's immediate custodian was present. *Mitchell*, 2009 WL 3156689 *2.

The Court reasoned in *Mitchell* that it did not have personal jurisdiction over the immediate respondent to the § 2241 petition. *See id*. at *1. That case interpreted two 2004 U.S. Supreme Court decisions: *Rumsfeld v. Padilla* and *Rasul v. Bush*, 542 U.S. 466, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004). With respect to the personal jurisdiction of the immediate respondent issue, *Mitchell* provided:

> … As Judge Proud points out, the Supreme Court has also stated that the immediate custody rule limits the available forum for proceedings under § 2241(a) to the forum with the most immediate connection to the named custodian.

---

subject to their disposition. [Being] a personal privilege, it may be waived by formal submission in a cause, …, by any party to the action." *Riley v. Union Pac. R. Co*., 177 F.2d 673, 675 (7th Cir. 1949) (citations omitted). On the other hand, personal jurisdiction is jurisdiction over the person resulting from sufficient contacts related to the subject matter of the lawsuit. *See International Medical Group, Inc. v. American Arbitration Ass'n, Inc*., 312 F.3d 833, 846 (7th Cir. 2002). "Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co*. 526 U.S. 574, 584, 119 S.Ct. 1563, 1570 (U.S.Tex.,1999) (internal quotations omitted) (citing *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289 (1937)).

> *Rumsfield v. Padilla*, 542 U.S. 426, 452, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (Kennedy, J., concurring). "Only in an exceptional case may a court deviate from those basic rules to hear a habeas petition filed against some person other than the immediate custodian of the prisoner, or in some court other than the one in whose territory the custodian may be found." *Id*. at 454. Further, as noted in the Report, a district court can be divested of jurisdiction if a petitioner is transferred and the new custodian is found outside the district. *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) ("It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only 'so long as an appropriate respondent with custody remain[s]' in the district." (citations omitted)).
>
> Here, Petitioner has been transferred to the Federal Correctional Institution in Talladega, Alabama, outside this district. The Court also notes that as Petitioner has been transferred no appropriate respondent now remains in the district. Further, the Court agrees with Judge Proud that none of the extraordinary circumstances, as those descried in *Rasul v. Bush*, 542 U.S. 466, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004) , exist in this case. Therefore, the Court agrees that this Court lacks personal jurisdiction over Petitioner's immediate custodian and thus the action should be transferred.

*Mitchell*, 2009 WL 3156689 *1-2. Here, like in *Mitchell*, Finley has been transferred outside of this District, no appropriate respondent remains in this District, and this Court lacks personal jurisdiction over Finley's immediate respondent, Anthony Hayes. The forum with the most immediate connection to the named custodian is the U.S. District Court for the Eastern District of Arkansas. This District is no longer an appropriate forum. There are no applicable exceptions, as in *Rasul v. Bush*, that would warrant this Court considering the petition in light of these facts. Transfer of this case to the Eastern District of Arkansas is appropriate. *See id. at* *2-4 (analyzing the applicability of certain civil procedure concepts, such as waiver of venue and personal jurisdiction and long-arm statutes, to habeas cases in light of the 2004 U.S. Supreme Court decisions in *Rumsfeld v. Padilla* and *Rasul v. Bush*); *see also Blumeyer v. Hollingsworth*, Case No. 08-430, 2010 WL 1488522 *1 (S.D.Ill. April 12, 2010) (transferring a habeas case out of this District *sua sponte* under similar circumstances as *Mitchell* and this case).

## CONCLUSION AND RECOMMENDATION

For the forgoing reasons, it is recommended that Respondent's (Doc. 19) motion to substitute be granted and that this case be transferred to the U.S. District Court for the Eastern District of Arkansas.

**SO RECOMMENDED.**

**DATED: January 3, 2012.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
